## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

### CASE NO. 22-mc-62031-SCOLA/GOODMAN

GOVERNMENT EMPLOYEES INSURANCE
CO., et al.,

      Plaintiffs/Judgment Creditors,

v.

IGOR MAYZENBERG,

      Defendant/Judgment Debtor.

_____/

### ORDER DENYING WITHOUT PREJUDICE
### GEICO'S MOTION FOR ISSUANCE OF A WRIT OF EXECUTION

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") seek the issuance of a writ of execution in order to collect on an Amended Final Judgment they obtained from the United States District Court for the Eastern District of New York. [ECF Nos. 1; 9; 9-1].

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 10]. For the reasons stated below, the Undersigned **denies without prejudice**

GEICO's motion [ECF No. 9]. GEICO will have until **Wednesday, March 29, 2023** to file a renewed motion for writ of execution in accordance with this Order.

## I.      Background

The United States District Court for the Eastern District of New York entered an Amended Final Judgment in favor of Plaintiffs GEICO and against Defendants Igor Mayzenberg ("Mayzenberg"), Mingmen Acupuncture Services, P.C., Sanli Acupuncture, P.C., Laogong Acupuncture, P.C., Igor Dovman, and Tamilla Dovman a/k/a Tamilla Khanukayev. [ECF No. 1]. With respect to Mayzenberg, the Amended Final Judgment stated: "GEICO shall recover from the Defendant Igor Mayzenberg damages in the amount [of] $2,835,489.72 on its claims for violation of 18 U.S.C. § 1962(c)." *Id.* at 2.

The New York District Court entered a separate Memorandum and Order authorizing GEICO to register the Amended Final Judgment in this Court. The Memorandum and Order contained the following factual and legal findings:

> Plaintiffs have adduced copies of a deed and mortgage that show Mayzenberg owns a condominium in Broward County, which lies within the Southern District of Florida. *See* Decl. of Steven Henesy, Ex. 8, at 71–102, ECF No. 163-2. The signatures of "Igor Mayzenberg" appear identical on the Florida mortgage and a mortgage for a Brooklyn property that Mayzenberg part-owns. *Compare id.* at 89, *with* Henesy Decl. Ex. 6, at 67.
>
> As evidence that Mayzenberg's assets within the Eastern District of New York are insufficient to satisfy this Court's judgment against him, Plaintiffs point to Mayzenberg's closure of two bank accounts. Pls.' Mem. 4–5; Henesy Decl. Ex. 4, at 27–28. They also show that the total value of the Brooklyn property which Mayzenberg part-owns is likely less than the judgment amount. Pls.' Mem. at 5; Henesy Decl. Ex. 7, at 70.

> Thus, **Plaintiffs have made the evidentiary showing required to establish good cause under § 1963**. Accordingly, Plaintiffs' motion, ECF No. 163, for authorization to register in the Southern District of Florida this Court's amended final judgment is **GRANTED**.

[ECF No. 1-1, p. 2 (emphasis added)].

Title 28, United States Code, Section 1963 states, in relevant part, that:

> **A judgment in an action for the recovery of money or property entered in** any court of appeals, **district court**, bankruptcy court, or in the Court of International Trade **may be registered by filing a certified copy of the judgment in any other district** or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal **or when ordered by the court that entered the judgment for good cause shown**. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. **A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner**.

28 U.S.C. § 1963 (emphasis added).

Here, the New York District Court specifically authorized GEICO to file the Amended Final Judgment in this Court after determining that GEICO had "made the evidentiary showing required to establish good cause under § 1963." [ECF No. 1-1, p. 2]. GEICO then filed a certified copy of the Amended Final Judgment in this Court [ECF No. 1]. Moreover, this Court has entered an Order Acknowledging Registration of Judgment "to the extent it is consistent with 28 U.S.C. § 1963." [ECF No. 7].

GEICO also obtained an Electronic Judgment Lien Certificate, naming Mayzenberg as the judgment debtor. [ECF No. 9-2]. It was filed with the Florida Department of State and assigned file no. J22000521205. *Id.*

II.     **Applicable Legal Standard and Analysis**

Federal Rule of Civil Procedure 69 states that:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

"Under the rule, the usual recourse is a writ of execution, which will be enforced using the local state practices for executing judgment." *Denmore v. Klone Enters.*, No. 16-61647-CIV, 2020 WL 9458730, at *2 (S.D. Fla. Aug. 14, 2020), report and recommendation adopted sub nom. *Demore v. Klone Enters.*, No. 0:16-CV-61647, 2020 WL 9458643 (S.D. Fla. Sept. 3, 2020). As one court explained:

> Execution is a type of final process under Florida law used to enforce a judgment. Florida courts have described "execution" as "'[t]he act of carrying into effect the final judgment or decree of a court; the writ which directs and authorizes the officer to carry into effect such judgment.'" [*Raulerson v. Peeples*, 81 Fla. 206, 208, 87 So. 629, 630 (1921) (quoting Bouvier's Law Dictionary)]. **To obtain an execution, a judgment creditor must first record its final judgment**, after which it then "may request that the clerk of court issue a writ of execution to satisfy the amount of a judgment." An execution may issue any time during the 20-year life of the judgment on which it is based. Once issued, an execution is valid for the life of the judgment. The writ of execution issued by the clerk of court is "'directed to all and singular sheriffs of the state,' in order to satisfy the amount of the judgment." It may then be used to levy on different types of property, including real property, goods and chattels, equities of redemption, and stock in corporations.

*In re Parker*, 630 B.R. 653, 659–60 (Bankr. S.D. Fla. 2021) (emphasis added; footnotes omitted).

As noted above, GEICO has registered the Amended Final Judgment [ECF No. 1] with this Court. As such, the New York District Court's Amended Final Judgment [ECF No. 1] has the same force and effect as if it were entered by this Court. *See* 28 U.S.C. § 1963.

GEICO now moves for issuance of a writ of execution against Mayzenberg's property located in the Southern District of Florida. [ECF No. 9, p. 2]. A valid judgment was entered in favor of GEICO and against Mayzenberg and GEICO represents that Mayzenberg has failed to pay the judgment. *Id.* at 1 ("As of this filing, the Amended Final Judgment has not been satisfied, in whole or in part.").

Florida procedure in aid of execution governs this case. *See* Fed. R. Civ. P. 69. Under Florida law:

> Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe. **No execution or other final process shall issue until the judgment on which it is based has been recorded** nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; **provided execution or other final process may be issued on special order of the court at any time after judgment.**

Fla. R. Civ. P. 1.550(a) (emphasis added).

GEICO *says* it recorded the judgment: "Thereafter, on November 10, 2022, GEICO recorded a judgment lien with the **Broward County Clerk's Office**. A copy of the electronic judgment lien is attached as Exhibit '1'." [ECF No. 9, p. 2 (emphasis added)].

But GEICO did not label the exhibits, so there is no Exhibit "1" attached to the motion. There is an Electronic Judgment Lien Certificate [ECF No. 9-2] which matches the date in the above quoted sentence. But the Electronic Judgment Lien Certificate [ECF No. 9-2] was issued by the "**Secretary of State**." There is nothing on this document or in any of the attachments filed as part of GEICO's motion which reflects that the judgment was recorded with the *Broward County Clerk's Office.*

In *Cummings v. MNR Ramy, Inc.*, the district court denied without prejudice a motion for the issuance of a writ of execution where "[t]here [was] no indication that the judgment ha[d] been recorded" and "[the movant] also [did] not address whether the Court should issue the writ of execution on a special order." No. 6:19-CV-2010-RBD-GJK, 2022 WL 1224030, at *1 (M.D. Fla. Mar. 3, 2022).

Similarly here, GEICO has not shown (based on the documents filed with this Court) that it has recorded a judgment lien on Mayzenberg's *real* property in Florida by recording "a certified copy of . . . [its Amended Final Judgment] in the official records or judgment lien record of . . . [Broward] [C]ounty[.]" Fla. Stat. § 55.10(1). Nor has GEICO addressed why the Court should dispense with the recording requirement and issue a special order.

Like the *Cummings* Court, the Undersigned will deny GEICO's motion without prejudice and with leave to renew by no later than **Wednesday, March 29, 2023**. Any renewed motion must include proof that GEICO has recorded the Amended Final Judgment with the <u>Broward County Clerk</u> and otherwise satisfied the requirements of Fla. Stat. § 55.10(1) or show cause why the Court should issue a special order.

Moreover, although not necessary to the Court's ruling, it appears that GEICO believes it has a perfected lien on Mayzenberg's *real* property. GEICO says "that, because its money judgment against Mayzenberg remains unsatisfied, and because Mayzenberg owns property in this District **currently secured by a recorded judgment lien**, the Court should issue the attached proposed writ of execution so that GEICO can deliver the writ to the United States Marshal for the Southern District of Florida." [ECF No. 9, p. 3 (emphasis added)]. To the extent GEICO is referring to itself as the holder of a "recorded judgment lien" on this condo, it has not shown it has a recorded judgment lien for **real property.**

As explained in *United States v. Marrero*:

Under Florida law, **a judgment creditor does not automatically become a "judgment lien creditor"** with a valid lien against third parties until the judgment creditor satisfies certain statutory requirements depending on the nature of the judgment debtor's property interests. *See* Fla. Stat. §§ 55.10(1) (2004) (real property), 55.202(2) (2005) (personal property), 605.053 (2014) (membership interest in limited liability companies). **To record a judgment lien on a judgment debtor's real property in Florida, the judgment creditor must record "a certified copy" of his judgment in the official records or judgment lien records in the county where the real property is located, provided that the judgment creditor's address is included in the**

7

> **certified copy of the judgment or in an accompanying affidavit. Fla. Stat.
> § 55.10(1).**

No. 13-CV-21714, 2015 WL 12588934, at *5 (S.D. Fla. Sept. 17, 2015) (emphasis added).

What GEICO has done here (with its Electronic Judgment Lien Certificate filed with the Secretary of State) is create a judgment lien on Mayzenberg's *personal* property.

As stated in *Marrero*,

> **To create a lien on the judgment debtor's *personal property*, the judgment creditor must file**
>
> > **a judgment lien certificate in accordance with s. 55.203 with the Department of State after the judgment has become final and if the time to move for rehearing has lapsed, no motion for rehearing is pending, and no stay of the judgment or its enforcement is in effect.**
>
> Fla. Stat. § 55.202(2)(a). Once the certificate is properly filed, **the judgment creditor holds a valid lien against the judgment debtor's *personal* property** (other than fixtures, money, negotiable instruments, and mortgages) as of the date he files the judgment lien certificate. *Id.* § 55.202(3). Filing of the judgment lien certificate subjects certain *personal* property to levy and execution. *See* Fla. Stat. § 56.061; *Regions Bank v. Hyman*, No. 8:09-cv-1841, 2015 WL 1912251, at *5 (M.D. Fla. Apr. 27, 2015).

*Id.* at *5–6 (emphasis added).

In sum, the Electronic Judgment Lien Certificate [ECF No. 9-2] filed by GEICO shows that it sought to secure Mayzenberg's *personal* property by "filing a judgment lien certificate in accordance with s. 55.203 with the Department of State[.]" Fla. Stat. § 55.202(2)(a). *See In re Silva*, No. 2:11-CV-282, 2012 WL 2996742, at *1 (M.D. Fla. July 23, 2012) ("Mr. Beacham . . . caused the judgment to be recorded with the Florida Secretary

of State, **but he apparently did not record it locally with the Clerk of the Circuit Court in the county of the [d]ebtor's residence or any other county where she might have an interest in real property**. **At most, therefore, under the applicable law of Florida, the judgment became a lien upon the [d]ebtor's personalty**, but did not become a lien upon any interest she might have in real property." (citing Fla. Stat. §§ 55.10(1); 55.202(2)(a) (emphasis added; footnote omitted)).

GEICO has not shown, however, that it has recorded a judgment lien on Mayzenberg's *real* property in Florida by recording a certified copy of the Amended Final Judgment in the official records or judgment lien records in Broward County, where the real property is located. Fla. Stat. § 55.10(1); *see also In re Parker*, 630 B.R. at 659 (explaining that "[t]o obtain a judgment lien on **real property**, the judgment creditor must **record a certified copy of the judgement [sic] in the official records or judgment lien records of the county in which a judgment debtor's real property is located**. To obtain a judgment lien on **personal property**, a judgment creditor must file a **judgment lien certificate with the Florida Department of State**." (emphasis added; footnotes omitted)).[1]

---

[1]    If GEICO wishes to perfect a judgment lien on Mayzenberg's *real* property, then it should take careful steps to ensure compliance with Florida law and avoid common pitfalls. *See, e.g.*, *Marrero*, 2015 WL 12588934, at *8 & n.6 (finding that "[t]he certified copy of Herrera's final judgment that he filed with the Clerk of the Court for Miami-Dade County **did not include his address**, and therefore he never perfected a lien on Marrero's real property" because "Florida law is clear that the judgment creditor's address must be included in the certified copy of the judgment (or an accompanying affidavit) to perfect a judgment lien against a judgment debtor's real property" (citing Fla. Stat. § 55.10(1)

### III.     Conclusion

Florida law "requires that a judgment be recorded before a writ of execution on it is issued, 'provided execution or other final process may be issued on special order of the court at any time after judgment.'" *Cummings*, 2022 WL 1224030, at *1 (quoting Fla. R. Civ. P. 1.550(a)). Because GEICO has not shown that it complied with Rule 1.550(a) or is otherwise entitled to a special order, the motion is **denied without prejudice**. GEICO will have until **Wednesday, March 29, 2023** to file an amended motion showing either that the Amended Final Judgment was recorded with the Broward County Clerk and GEICO has otherwise complied with Florida law or include a memorandum (supported by legal authority) addressing why GEICO should not have to comply with the requirements of Florida law and is entitled to a special order.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on March 15, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record

---

(emphasis added)); *In re Jam Fine Furniture, Inc.*, 19 B.R. 578, 580 (Bankr. S.D. Fla. 1982) ("[T]he filing did not comply with [Fla. Stat. §] 55.10 which requires that a **certified copy** of a [j]udgment be filed and recorded in order to constitute a valid lien on property under Florida law." (emphasis added)).