**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO.,

Plaintiffs-Judgment Creditors,

**Case No.: 0:22-mc-62031-RNS**

vs.

IGOR MAYZENBERG,

Defendant-Judgment Debtor.

---

**GEICO'S RENEWED MOTION FOR ISSUANCE OF WRIT OF EXECUTION**

Plaintiffs-Judgment Creditors Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively, "GEICO") respectfully move, pursuant to Fed. R. Civ. P. 69(a), for issuance of the attached proposed writ of execution.[1] The grounds and authority for this motion are set forth in the following supporting memorandum. The memorandum is incorporated as part of this motion.

**MEMORANDUM**

GEICO respectfully submits the following memorandum in support of its motion.

## I. Background

On November 1, 2022, GEICO commenced this action, pursuant to 28 U.S.C. § 1963, to register the Amended Final Judgment issued in GEICO's favor in an action from the United States District Court for the Eastern District of New York entitled *Government Employees Ins. Co., et al. v. Mayzenberg, et al.*, E.D.N.Y. Case No. 1:17-cv-02802-ILG-LB (the "EDNY Action"). *See* ECF

---

[1] As the Court is aware, GEICO filed its original application for this relief on December 14, 2022. *See* ECF No. 9. The Court denied that application without prejudice and with leave to renew, as GEICO's original papers did not contain proof of GEICO's filing of its judgment with the Broward County Clerk's Office. *See* ECF No. 12. As discussed below, this renewed application remedies that omission and encloses proof of GEICO's filings with Broward County – which had been completed in advance of (but proof of which was not included as part of) GEICO's original motion. GEICO expresses appreciation to the Court for the opportunity to correct this omission.

No 1. The Amended Final Judgment awarded GEICO $2,835,489.72 in damages, for which Mayzenberg is jointly and severally liable. As of this filing, the Amended Final Judgment has not been satisfied, in whole or in part.

Prior to the filing to this action, District Judge I. Leo Glasser entered an Order in the EDNY Action finding that GEICO had established that there was "good cause" to register the Amended Final Judgment in the Southern District of Florida because: (i) Defendant-Judgment Debtor Igor Mayzenberg ("Mayzenberg") had insufficient assets in the Eastern District of New York to satisfy the judgment against him; and (ii) Mayzenberg owned property located within the Southern District of Florida. A copy of Judge Glasser's Order has been filed with this Court at ECF No. 1-1.

On November 2, 2022, this Court entered an Order Acknowledging Registration of Judgment. *See* ECF No. 7. Thereafter, on November 10, 2022, GEICO recorded the judgment with the Florida Department of State. A copy of the electronic judgment filing is attached as Exhibit "1". <u>In addition, on December 8, 2022, GEICO recorded a certified copy of the judgment with the Broward County Clerk's Office, along with an affidavit fulfilling the requirements of Fla. Stat. 55.10(1)</u>. Those materials were assigned Instrument Nos. 118560903-5 by the Broward County Clerk's Office. A complete copy of GEICO's December 6, 2022 filings with Broward County are attached as Exhibit "2".[2]

GEICO now moves for issuance of a writ of execution against Mayzenberg's property located in the Southern District of Florida.

## II. <u>Standard on this Motion</u>

Under Federal Rule of Civil Procedure 69(a), "[a] money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a). "Rule 69 controls the process for getting [a] judgment enforced in those cases where the defendant fails to pay a money judgment against it." *Denmore v. Klone Enterprises*, No. 16-cv-61647, 2020 WL 9458730, at *2 (S.D. Fla. Aug. 14, 2020), report and recommendation adopted *sub nom. Demore v. Klone Enterprises*, 2020 WL 9458643 (S.D. Fla. Sept. 3, 2020) (quoting *Nail v. Shipp*, No. 17-cv-00195, 2020 WL 3440940, at *2 (S.D. Ala. June 23, 2020)). "Under the rule, the usual recourse is a writ of execution, which will be enforced using the local state practices for executing judgment." *Id.*

[2] GEICO is prepared to provide the Court with original copies of these filings should the Court wish to review them.

**III. <u>The Subject Property</u>**

Mayzenberg is the sole owner of a condominium unit located at 1755 E. Hallandale Beach Blvd., Unit 1007, Hallandale, Florida 33009 (the "Property"). Mayzenberg purchased the Property via a special warranty deed dated December 10, 2007. A copy of the deed is attached as Exhibit "3". The Property is described in the deed as follows:

> Condominium Parcel 1007, of DUO CONDOMINIUM EAST, a Condominium, according to the Declaration of Condominium thereof, as recorded in O. R. Book 44352, Page 1281, and any amendments thereto, of the Public Records of Broward County, Florida.

On January 8, 2008, a mortgage was recorded against the Property by Bank of America, N.A. A copy of the mortgage is attached as Exhibit "4". The mortgage defined its "borrower" as Mayzenberg, and had an original principal amount of $260,800.00.

**IV. <u>The Court Should Issue the Proposed Writ of Execution</u>**

GEICO respectfully submits that, because its money judgment against Mayzenberg remains unsatisfied, and because Mayzenberg owns property in this District currently secured by a recorded judgment lien, the Court should issue the attached proposed writ of execution so that GEICO can deliver the writ to the United States Marshal for the Southern District of Florida. *See, e.g.*, *Demore*, *supra* (granting motion for issuance of writ of execution where "a valid judgment was entered in favor of Plaintiff against Defendant and that Defendant has failed to pay the judgment.").

**<u>CONCLUSION</u>**

For the foregoing reasons, GEICO respectfully requests that the Court issue the attached proposed writ of execution so that GEICO can deliver the writ to the United States Marshal for the Southern District of Florida.

Respectfully submitted,

/s/ *Steven T. Henesy*
Steven T. Henesy (FBN 1038474)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone: (516) 357-3000
steven.henesy@rivkin.com

*Counsel for Plaintiffs-Judgment Creditors*

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will provide notice and this document to the counsel of record in this case. I further certify that the foregoing document and its corresponding attachments is contemporaneously being sent via email to counsel for Mayzenberg in the EDNY Action.

*/s/ Steven T. Henesy*
Attorney