**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**CASE NO. 22-mc-62031-SCOLA/GOODMAN**

GOVERNMENT EMPLOYEES INSURANCE CO., et al.,

Plaintiffs/Judgment Creditors,

v.

IGOR MAYZENBERG,

Defendant/Judgment Debtor.

_______________________________________/

**ORDER GRANTING GEICO'S**
**RENEWED MOTION FOR ISSUANCE OF A WRIT OF EXECUTION**

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") seek the issuance of a writ of execution in order to collect on an Amended Final Judgment they obtained from the United States District Court for the Eastern District of New York. [ECF Nos. 1; 9; 9-1].

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 10].

The Undersigned denied without prejudice GEICO's *initial* motion for the issuance of a writ of execution "[b]ecause GEICO ha[d] not shown that it complied with [Florida Rule of Civil Procedure] 1.550(a) or [was] otherwise entitled to a special order[.]" [ECF No. 12, p. 10]. The Undersigned provided GEICO with leave -- until March 29, 2023 -- to file a renewed motion for writ of execution.

GEICO has filed a timely renewed motion for the issuance of a writ of execution. [ECF No. 13]. For the reasons discussed below, the Undersigned **grants** GEICO's renewed motion and **directs** the Clerk of the Court to issue the writ of execution attached to the renewed motion [ECF No. 13-1].

## I. Analysis

As explained in the Undersigned's earlier Order [ECF No. 12], Florida procedure in aid of execution governs this case, *see* Fed. R. Civ. P. 69. Under Florida law:

> Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or that party's attorney without praecipe. **No execution or other final process shall issue until the judgment on which it is based has been recorded** nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; **provided execution or other final process may be issued on special order of the court at any time after judgment.**

Fla. R. Civ. P. 1.550(a) (emphasis added).

The Undersigned denied GEICO's *initial* motion because GEICO had failed to show that it had recorded the judgment as required by Rule 1.550(a) or shown good cause

why the Court should dispense with the recording requirement and issue a special order. [ECF No. 12, pp. 6-7].

GEICO's renewed motion acknowledges that its initial motion did not include proof that the judgment had been recorded with the Broward County Clerk's Office:

> GEICO filed its original application for this relief on December 14, 2022. *See* ECF No. 9. The Court denied that application without prejudice and with leave to renew, as GEICO's original papers did not contain proof of GEICO's filing of its judgment with the Broward County Clerk's Office. *See* ECF No. 12. As discussed below, **this renewed application remedies that omission and encloses proof of GEICO's filings with Broward County – which had been completed in advance of (but proof of which was not included as part of) GEICO's original motion**. GEICO expresses appreciation to the Court for the opportunity to correct this omission.

[ECF No. 13, p. 1 n.1 (emphasis added)].

GEICO states in its renewed motion that "on December 8, 2022, GEICO recorded a certified copy of the judgment with the Broward County Clerk's Office, along with an affidavit fulfilling the requirements of Fla. Stat. 55.10(1)." *Id.* at 2 (emphasis omitted). GEICO included copies of the documents filed on December 8, 2022, which reflect that the Amended Final Judgment was recorded with the County Administrator in and for Broward County. [ECF No. 13-3]. GEICO further states that "[a]s of this filing, the Amended Final Judgment has not been satisfied, in whole or in part." [ECF No. 13, p. 2].

## II. Conclusion

GEICO has complied with Rule 69 and Florida law. Thus, GEICO has demonstrated entitlement to the issuance of a writ of execution. The Court **grants** the

renewed motion [ECF No. 13] and **directs** the Clerk of the Court to issue the writ of execution [ECF No. 13-1] and file a notice of compliance on CM/ECF.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on March 28, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record